Lawrence B. **FABACHER** and Mary A. Fabacher, Plaintiffs-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 71–2042
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1972.

United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969).

* ▪ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409 Part I (5th Cir. 1970).

Floyd J. Logan, Gulfport, Miss., for plaintiffs-appellants.

Meyer Rothwacks, Tax Division, Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Gilbert E. Andrews, Richard W. Perkins, Murray S. Horwitz, Attys., Tax Division, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Taxpayers in 1960 purchased United States Treasury bonds at a cost of $170,746.88, exchanged them in 1961 for Treasury notes with par value of $176,000.00 and redeemed them at par in 1964. They did not report any gain arising from the redemption in either 1961 or 1964. The Commissioner assessed a deficiency for 1964 after an audit of years 1962 through 1965 and for each of those years imposed the five per cent negligence penalty pursuant to § 6653(a) of the Internal Revenue Code. Taxpayers' claim for refund was rejected, and in taxpayers' suit for recovery of taxes erroneously assessed and collected the District Court entered judgment in the Government's favor.

With the exception noted below we affirm pursuant to Local Rule 21.[1]

The Government now concedes that its defense of variance between the taxpayers' amended complaint and their claim for refund is inappropriate under the circumstances against taxpayers'

capital gains and equitable recoupment arguments and that the gain in issue should be treated as capital gain rather than ordinary income. Therefore, we vacate and remand to the District Court to enter judgment in accord with the Government's concession.

Affirmed in part, vacated and remanded in part.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).